## Engle v. Engle

*Francis T. Dennis*, for defendant.
*James R. Caiola* and *William J. Grove*, for plaintiff.

DANNEHOWER, J., March 27, 1946.—This case comes before the court on defendant's affidavit of defense raising questions of law. The facts as set forth in plaintiff's statement of claim are as follows:

Plaintiff is the wife of defendant, and the parties reside together in Norristown. On February 26, 1945, plaintiff had accumulated $1,000 in cash, "resulting from her own efforts", in a box kept in a closet in her home. On that date, having been taken seriously ill and hospitalized, she told her husband that if anything happened to her and she did not return, he was to get the keys to the box and keep the money. Plaintiff returned home during the first week in April 1945 and soon learned that her husband had taken the money from the box. In order to obtain a return of the money,

the wife brought an action before a justice of the peace, as a result of which on May 15, 1945, the husband repaid her the sum of $400 and promised to pay $50 on the 15th of each month thereafter until the balance of $600 was paid. He made one such payment on June 11, 1945, but failed to make further payments, and the wife brought this suit in assumpsit against her husband, to recover the balance of $550, with interest.

Defendant, by his affidavit, contends that plaintiff cannot, by reason of her coverture, maintain an action against her husband with whom she is living.

To sustain his contention, defendant relies on the common law disability of a married woman to bring a suit against her husband. He further argues that neither the Married Women's Act of June 8, 1893, P. L. 344, sec. 3, nor the amending Act of March 27, 1913, P. L. 14, sec. 1, has removed this disability.

The Act of 1893, supra, originally provided as follows:

"Hereafter a married woman may sue and be sued civilly in all respects and in any form of action and with the same effect and results and consequences as an unmarried person, but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect or recover her separate property *whensoever he may have deserted or separated himself from her without sufficient cause, or may have neglected or refused to support her*, nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property *whensoever she may have deserted him, or separated herself from him without sufficient cause*, nor may she be arrested. . . . (Italics supplied.)

The Act of 1913, supra, merely deletes the italicized portions. It will be noted that the conditions as to desertion or separation are removed not only as to suits by the wife, but also as to suits by the husband. It is

quite likely that such amendment was made not merely to enlarge the rights of a married woman to sue, but in addition to eliminate from actions respecting the separate property of either spouse, the sometimes complex and confusing issues of desertion, separation, support, and similar matters.

In 13 Standard Pennsylvania Practice, sec. 27, p. 286, it is said:

"A married woman is given the right, under the Act of 1913, to sue her husband 'in a proceeding to protect and recover her separate property', and this whether or not he had deserted and separated himself from her. However, even before the Act of 1913, it was definitely settled by the courts of Pennsylvania that married persons might sue one another in equity to protect and gain possession of their separate property, 'and this, notwithstanding the provisions of section 3, of the Act of June 8, 1893, P. L. 344'. Thus it has been held that a married woman may sue to restrain her husband from unlawfully depriving her of the use of her separate estate. But it is well established that a married woman can only protect and recover her separate property under the statute by a proper proceeding taken in a manner prescribed by law."

Cited in support of that principle is the case of Schleiden v. Schleiden, 72 Pitts. L. J. 637 (1924), where it is said:

"The exceptions to the first and second conclusions of law are sustained. It is clear that these conclusions were based on Section 3 of the Act of June 8, 1893, P. L. 345, which provides that a married woman may not sue her husband, except in a proceeding for divorce, or in a proceeding to recover or protect her separate property whensoever he may desert or separate himself from her without sufficient cause, or may have neglected or refused to support her. This section was amended by the Act of March 27, 1913, P. L. 14, which

enlarged the powers of a married woman and made it possible for her to sue her husband in a proceeding to protect and recover her separate property, *and this whether he had deserted and separated himself from her or not.* It was therefore possible and proper for the plaintiff to institute this proceeding against her husband, to recover her separate property, *although she voluntarily and without cause deserted and separated herself from him."* (Italics supplied.)

Therefore, it appears that it was the intention of the legislature by the Act of 1913 to restrict action between spouses to those of divorce and in the recovery or protection of their separate property, but also to eliminate the condition that the party plaintiff, whether husband or wife, show that defendant was guilty of desertion. This conclusion is necessary if the amendment of 1913 is to have any meaning at all.

Defendant has not challenged the form of action, except to urge that no action at law is permissible between these parties. Where the nature of the "separate property" is money, we can see no more appropriate form of action than assumpsit. It so happens that a great majority of the decided cases are equity proceedings, but that fact is so merely because most of the reported cases involve real estate. Where the property consists of jewelry, furniture or similar articles, replevin would be the appropriate remedy. Where the property is money, assumpsit seems best designed for a proper disposition of the issues that may be drawn.

And now, March 27, 1946, for the reasons given in the foregoing opinion, the questions of law raised in defendant's affidavit of defense are decided against defendant and in favor of plaintiff. Defendant is allowed 15 days within which to file an affidavit of defense on the merits.